UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 2:12-CR-025 |
| | ) | |
| ISIDORO GARCIA | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the court on the defendant's motion for sentence reduction [doc. 281]. Through counsel, the defendant asks the court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G."). The government has responded [doc. 282], deferring to the court's discretion whether and to what extent to grant any such reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

I.   **Authority**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). One such exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identify "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon v. United States*, 560 U.S. 817, 827 (2010) (internal quotation marks and citation omitted); *see also* U.S.S.G. § 1B1.10(b)(1) (2015). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S.S.G. app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the court "shall leave all other guideline application decisions unaffected." *See* U.S.S.G. § 1B1.10(b)(1) (2015). The court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of

2

Case 2:12-cr-00025-RLJ   Document 284   Filed 10/31/16   Page 2 of 5   PageID #: 967

imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition, the commentary to guideline 1B1.10 provides that a court must also consider the § 3553(a) sentencing factors and the danger to the public created by any reduction in a defendant's sentence. *See id.* cmt. n.1(B). A court may also consider a defendant's post-sentencing conduct. *See id.*

## II. Factual Background

By judgment dated February 7, 2013, this court sentenced the defendant to a 37-month term of imprisonment as to Count One (a cocaine conspiracy) to be followed by a mandatory 60-month term of imprisonment as to Count Eight (possession of a firearm in furtherance of a drug trafficking crime), for a net sentence of 97 months. The defendant's guideline range for the cocaine offense was 60 to 63 months, based on a total offense level of 23, a criminal history category of II, and a statutorily-required minimum sentence of 60 months.

Prior to sentencing, the United States filed a motion for downward departure pursuant to 18 U.S.C. § 3553(e) and USSG 5K1.1. The court granted the motion and downward to 37 months as to Count One, a reduction of 38 percent from the bottom of the guideline range. According to the Bureau of Prisons, the defendant is presently scheduled for release on January 29, 2019.

---

[1] Guideline 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). That is the case here.

**III. Analysis**

Applying Amendment 782, the defendant's new guideline range for the cocaine offense is 41 to 51 months, based on a total offense level of 21 and a criminal history category of II. Thus, the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Applying U.S.S.G § 1B1.10(c), a corresponding 3553(e) departure may be applied from the new cocaine guideline range without regard to the mandatory minimum sentence. In the present case, a corresponding 38 percent substantial assistance reduction would result in a sentence of 25 months for the drug offense.

The court has considered the filings in this case, along with the relevant 3553(a) factors. Additionally, the court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the offenses, the defendant's post-sentencing conduct, and the need to protect the public. *See id.* § 1B1.10 cmt. n.1(B)(ii). Having done so, the court finds that the defendant should be granted a sentence reduction.

It is noted that the defendant has thrice been sanctioned for disciplinary infractions since he was sentenced, but the court finds that each of those relatively minor infractions has already been sufficiently sanctioned by the Bureau of Prisons. Conversely, the court notes that the defendant has obtained his G.E.D. while incarcerated, and for that he is to be commended.

## IV. Conclusion

For the reasons stated herein, the defendant's motion for sentence reduction [doc. 281] is **GRANTED**. The defendant's term of imprisonment is reduced to 25 months as to Count One. The mandatory 60-month sentence for Count Eight remains in place and shall still be served consecutively, for a net sentence of **85 months**. This sentence includes a corresponding 38 percent substantial assistance reduction from the bottom of the new controlled substance guideline range.

Except as provided above, all provisions of the judgment dated February 7, 2013, shall remain in effect.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge